HELLIER COAL & COKE CO., Inc.

v.

BOWLING et al.

Court of Appeals of Kentucky.

June 18, 1954.

Rehearing Denied Dec. 10, 1954.

Wine & Venters, E. N. Venters, Pikeville, for appellant.

J. E. Childers, Jean L. Auxier, Pikeville, for appellees.

CLAY, Commissioner.

This suit was brought by appellees to recover damages for the mining of coal and to have title quieted to a tract of land in Pike County. The Chancellor denied a recovery of damages but adjudged appellees the fee simple owners of approximately 60 acres of land.

There is involved in this controversy a number of surveys, patents, deeds and a claim of adverse possession. In effect the judgment upheld the claim of adverse possession to a boundary encompassed by a void patent issued in 1903.

Appellant claims only the coal underlying the tract, except for about two acres to which it asserts ownership in fee. Its claim is first based on what is known as the Gallup and Soward patent of 1865 covering 86,000 acres. However, since this patent excluded 36,000 acres and appellant failed to show that the tract in dispute was not within the exclusion, it is not controlling. See Russell v. McIntosh, 179 Ky. 677, 201 S.W. 33.

Appellant also claims under what is known as the Bartley 90 acre survey made in 1891. This survey covers a substantial portion of the land in controversy, but the title to the land covered by this survey was not perfected by patent until 1915. By virtue of KRS 56.230(2) title under this survey and patent did not vest until the latter date.

In 1887 this same Bartley conveyed to appellant's predecessor in title the coal under certain land then owned by him, and the deed also purported to convey the same interest in the land covered by the subsequent survey of 1891. It is thus claimed by appellant that by virtue of the prior deed, the later survey in 1891, and the patent of 1915 it acquired good title to the coal under the land in controversy. This position may be sound as between Bartley and appellant, but in the meantime appellees were in the process of acquiring title to the same land.

In 1903 what is known as the Bowling patent encompassing this land was issued. We agree with appellant that the Bowling patent was void (insofar as the controversy here is concerned) under the provisions of KRS 56.190(2), which provides in part:

"Every entry, survey, or patent is void in so far as it embraces land previously entered, surveyed, or patented, * * *."

However, this void Bowling patent under which appellees claim constituted color of title, which could fix the boundary of their predecessor's adverse possession. Gillis v. Martin, 284 Ky. 714, 145 S.W.2d 1051.

In 1903 Bowling entered into actual possession of the tract of land covered by his patent and in 1909 built a house thereon. As time went by some of the land was cleared and the record shows that Bowling or others claiming under him have been in

actual adverse possession of a part of this land up to the present time.

In order to avoid the claim of adverse possession on the part of appellees, appellant contends that it only affects the surface of the land and does not include the coal thereunder because of the 1887 deed made by Bartley which severed the coal from the surface. It is only the coal appellant claims. Had this 1887 deed effectively constituted a severance of the coal from the surface, then it must be admitted appellees' actual possession of the surface was not adverse to the holder of the mineral estate. See Wallace v. Neal, 227 Ky. 30, 11 S.W.2d 1002.

■ Without deciding whether or not the doctrine of severance applies only when the parties are claiming under the same source of title, we cannot find that a severance took place prior to the time the Bartley survey was patented in 1915. When Bartley's deed was made in 1887 he had no title whatsoever to the land covered by the subsequent survey and patent, and that deed was not effective to create any rights against third parties. Under the principle announced in Wallace v. Neal, 227 Ky. 30, 11 S.W.2d 1002, the severance must have taken place prior to the inception of the adverse possession. When the title under the Bartley deed and survey was perfected by the patent issued in 1915, appellees' predecessor in title had already been in adverse possession of the land for 12 years.

Appellant also claims a severance took place by virtue of a deed executed in 1902, but this deed was based upon another survey which was not shown to have covered the land here in question.

■ Appellant claims a superior title to three interlocks with the boundary claimed by appellees by virtue of other prior patents. These interlocks cover the land under which appellant has mined coal and since appellees have never adversely possessed the coal under these portions of the tract, we think the Chancellor correctly disallowed any claim for damages.

A question is raised by appellant with respect to the boundaries of the land which the Chancellor adjudged were owned in fee by appellees, but we do not find that the corrections made by the Chancellor were unjustified.

We have carefully considered the record, and in our opinion the Chancellor correctly adjudicated the rights of the parties.

The judgment is affirmed.